UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO.:

AT LAW AND IN ADMIRALTY

JANE DOE and JOHN DOE,
Individually and as Parents and Natural
Guardians of B.R., a Minor Child,

      Plaintiff,

v.

CARNIVAL CORPORATION
d/b/a CARNIVAL CRUISE LINE,

      Defendant.

_____/

## COMPLAINT FOR DAMAGES

     Plaintiffs, JANE AND JOHN DOE, individually and as parents and natural guardians of B.R., a minor child, hereby sue the Defendant:

### THE PARTIES AND JURISDICTION

1. This is an action seeking damages in excess of $75,000.00, exclusive of interest, costs and attorney's fees.

2. **THE PLAINTIFF,** JANE DOE, JOHN DOE AND B.R., is *sui juris* and is a permanent resident and citizen of a resident of Whitney, Texas. "JANE DOE, JOHN DOE AND B.R." is an alias used because of the nature of the events in this matter. The Defendant are aware of the identity of JANE DOE, JOHN DOE AND B.R.

3. **THE DEFENDANT**. The Defendant, CARNIVAL CORPORATION d/b/a CARNIVAL CRUISE LINE (hereinafter referred to as CARNIVAL or Defendant or the cruise

line), is a citizen and resident of the foreign nation of Panama, incorporated outside of the state of Florida, in the nation of Panama, but does business in the State of Florida, and at all times material hereto was and is doing business in Miami Dade County, Florida. At all times material hereto the Defendant owned and/or operated the cruise ship on which the subject negligence occurred.

4. **FEDERAL SUBJECT MATTER JURISDICTION.** Federal subject matter jurisdiction arises under and is by virtue of Diversity of Citizenship pursuant to 28 U.S.C. § 1332, as this is a civil action where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States and/or citizens of a State and citizens or subjects of a foreign state, and arises under and is by virtue of the admiralty or maritime jurisdiction pursuant to 28 U.S.C.§ 1333, and is being filed in Federal Court as required by the venue selection clause in the Passenger Contract Ticket issued by the Defendant.

5. **VENUE AND PERSONAL JURISDICTION**. The Defendant, at all times material hereto, personally or through an agent, in the County and in the District in which this Complaint is filed:

   a.    Operated, conducted, engaged in, or carried on a business venture in this state and/or county; and/or

   b.    Had an office or agency in this state and/or county; and/or

   c.    Engaged in substantial activity within this state; and/or

   d.    Committed one or more of the acts stated in Florida Statutes, Sections 48.081, 48.181 or 48.193;

6.   All conditions precedent for filing and maintaining this action have been fulfilled, have been waived, or do not apply.

## OTHER ALLEGATIONS COMMON TO ALL COUNTS

7. **DATE OF INCIDENT.** This incident occurred on June 7, 2019.

8. **LOCATION OF INCIDENT.** This incident occurred on the vessel Carnival *Dream*, a ship in navigable water while the Plaintiff was a passenger board. Accordingly, the Plaintiff's claims are governed by the general maritime law.

9. **STATUS OF PLAINTIFF AS OF DATE AND TIME OF INCIDENTS.** At all times and material hereto, the Plaintiff, B.R. was a passenger on the subject cruise ship described herein and, accordingly, was an invitee while on the vessel. The Plaintiffs do not have a copy of the subject ticket but the Defendant does.

10. **DESCRIPTION OF CIRCUMSTANCES SURROUNDING THE SEXUAL ASSAULT, SEXUAL BATTERY, AND SEXUAL ABUSE OF THE MINOR PLAINTIFF.**

11. The Defendant Carnival owes to its passengers a duty of reasonable care under the circumstances. The circumstances of this incident and the facts which define the parameters of reasonable care under the circumstances includes the representations made by Carnival that the cruises are family friendly, safe and/or secure, the fact that Carnival voluntarily chose to provide a program and a place on the ship specifically for teens, and the fact that Carnival chose to require that parents or guardians of teens arriving at the teen program sign in the teens and thus conveying to the parents or guardians that the teen was in a controlled environment until the parent or guardian returns. These facts are more fully described below.

12. **CARNIVAL'S REPRESENTATIONS**: Carnival markets to families with minor children and teenagers. CARNIVAL advertises, promotes, and sells a vacation where the passengers with children can have fun and feel safe and secure. They encourage the American public, including the Plaintiffs herein, to choose this cruise line based on their representations

and when onboard to let their guard down as to the dangerous tendencies of crew and passengers, and to rely on the cruise line to provide a safe environment for their children.

13. CARNIVAL makes representations online and in other materials sent to and/or directed at families purchasing cruises about teen friendly and family friendly cruise ships. On its website, the cruise line describes its "Teen hangout Spot" and invites parents to rely on the cruise line to provide a safe environment for children, including teen children that are 12 to 14-years old. CARNIVAL's website also advertises that if people, including the Plaintiffs book a cruise with Carnival, including the Carnival *Dream*:

> you are guaranteed a fun, magical, memorable and exciting cruise that the whole family will enjoy. Because Carnival Dream isn't your ordinary cruise ship-it's packed from bow to stern and port to starboard with family fun activities everyone can participate in, kids and youth programs from young ones and teens, delicious cruise dining options, and much more!

*See* https://www.carnival.com/awaywego/cruising-fun/what-to-expect/carnival-dream-kids-activities-and-family-fun. CARNIVAL also states on its website, "[o]n Carnival Dream, we know how important it is for everyone in the family to have a great time. And we've made sure that the great time never ends, and the memories last a lifetime!" *See* https://www.carnival.com/awaywego/cruising-fun/what-to-expect/carnival-dream-kids-activities-and-family-fun

14. **TEEN CENTER ONBOARD**. One of the amenities Carnival chose to advertise, promote and provide to its passengers are teen centers. Carnival's teen centers are planned, organized and provided to young teens between ages 12 to 14 on Carnival's ships. Carnival advertises that its teen centers offer activities specifically designed and/or targeted for young teens which include "[m]eeting new friends, play sports, play video games, watch movies and more!" Carnival advertises on its website that Carnival's teen center as a "[s]upervised complimentary

programming" that runs "from 12:00 p.m. – 5:00 p.m. and 8:30 p.m. through 1:00 a.m." on sea days.  Carnival requires a sign in/sign out policy for certain minors, which included the Plaintiff in this incident.  Carnival's sign in requirement gives parents and/or guardians the impression that Carnival's teen center is safe and a controlled environment for their children.

15.     **ENVIRONMENT FOR TEENS CONTROLLED BY CARNIVAL**.   The cruise line encourages passengers to sign in their teenagers and leave them with the cruise line with the assurance that their children can have fun in a safe environment without them as a special feature of Carnival's cruise experience.  Carnival's representations along with their sign in/sign out requirement give parents and/or guardians of teens the impression that Carnival's teen centers are a controlled environment that is safe and secure for them to leave their children.  The cruise line chose to undertake the duty to supervise teens signed into their care by parents and/or guardians.  However, Carnival knew or should have known that without supervision teenagers can be vulnerable and preyed upon by adult passengers and/or crew members.  With this knowledge, Carnival knew or should have known not to release the teen until a parent and/or guardian comes back for teens.  The cruise line knew or should have known that it must take reasonable care to account for all children and ensure that they do not leave the teen center without a parent or guardian collecting them.  Carnival knew or should have known to contact parents and/or guardians on their cell phones and/or P.A. system and/or wait with teens until a parent and/or guardian retrieves their child.

16.     On June 7, 2019, the day of the incident, Carnival allowed B.R. to join the shipboard teen center.  Carnival allowed B.R.'s father, JOHN DOE, to sign and drop off his daughter B.R., 14 years old, into Carnival's teen center.  Carnival required JOHN DOE to sign in his daughter with his signature to document that he is B.R.'s father.  JOHN DOE signed her

daughter into the center at approximately 3:00 p.m.  JOHN DOE went to the teen center at 5:05 p.m. expecting to find his daughter ready for pick up and to sign her out of the center.  Instead, Carnival had already turned off the lights and locked the room despite Carnival's sign in/sign out policy required by the cruise line.  Carnival chose to release B.R. from the teen center without waiting, calling her father on his cell phone or on the P.A. and waiting with her for her father to pick her up.

17.     **THE RAPE**.  Carnival chose to release B.R. and allow her to walk alone to the Lido Deck thinking she would see her father.  During that time a male passenger, approximately 25 years old, told B.R. that he knew where to find balls to play ping pong.  Because Carnival chose to release B.R. and not wait for B.R.'s father, JOHN DOE, Carnival left B.R. to follow the male Carnival passenger to a room where he raped her.  B.R., a minor, did not and could not legally consent to the sexual acts described herein.  B.R., a 14-year-old, did not report the incident at the time due to extreme shame, embarrassment and fear.

18.     The cruise line is negligent for failing to provide a reasonably safe ship for its passengers. Carnival is negligent for failing to warn B.R. and her parents that Carnival would release and/or not wait for a parent to pick up B.R. from the teen center and therefore put at risk.

19.     **DUTIES OWED BY THE DEFENDANT TO ITS PASSENGERS IN REGARD TO SEXUAL ASSAULT AND BATTERY.**  The Defendant owes a "duty to exercise reasonable care for the safety of its passengers" including the Plaintiff herein. See, *Hall vs. Royal Caribbean Cruises, Limited*, 2004 A.M.C. 1913, 2004 WL 1621209, 29 FLWD 1672, Case No. 3D03-2132 (Fla. 3d DCA Opinion filed July 21,2004) *citing Kermarec v. Compagnie Generate Transatlantique*, 358 U.S. 625, 79 S. Ct. 406, 3 L. Ed. 2d 550 (1959); and *Harnesk vs. NCL Cruise Lines, Inc*, 1992 AMC 1472, 1991 WL 329584 (S. D. Fla. 1991).  The Defendant's "duty is to warn

of dangers known to the carrier in places where the passenger is invited to or may reasonably be expected to visit."  See, *Carlisle vs. Ulysses Line Limited, S.A*., 475 So. 2d 248 (Fla. 3d DCA 1985).

20.     The ship's duty is created by the maritime law and by the voluntary undertakings of Carnival.  Carnival voluntarily undertook to provide a controlled environment which was safe for teens and where Carnival personnel would supervise teens in its teen program.  Carnival made this voluntary undertaking by the fact that (a) Carnival made representations about the family nature, safety and/or security of the cruises and marketed to families;  (b) Carnival provides a teen only program onboard its ships; and (c) Carnival required that the teen passenger and her adult parent or guardian sign into the teen club program, and thus represented that this was a controlled environment for the teen.

21.     However, Carnival has known for more than a decade "that sexual assaults on cruise ships [are] a serious problem".  *K.T. v. Royal Caribbean Cruises, Ltd.*, No. 17-14237, D.C. Docket 1:16-cv-25157-KMM (July 24, 2019).  To save Carnival's public image and profits rather than the safety and security of its passengers, Carnival under-reports incidents to U.S. authorities, the press, and the public. These representations are false. They cause the American public, including the Plaintiffs herein to choose this cruise line and when onboard to let down their guard as to the dangerous tendencies of fellow passengers, and to rely on the security of the security personnel onboard the ship.

22.     Due to underreporting and concealment by all cruise lines in the industry, congress enacted the Cruise Vessel Security and Safety Act of 2010.  The cruise line knows that since 2016 220 sexual assaults on board cruise ships have been reported to the U.S. Department of Transportation.  The act requires the cruise lines to report sexual assault incidents involving both

crew member and passenger attacks.  The cruise line knows that sexual assault is the most frequently reported crime on cruises which has been the case for years.

**COUNT I**
**NEGLIGENT FAILURE TO PROVIDE A REASONABLY SAFE SHIP**

23.     The Plaintiffs hereby adopt and re-allege each and every allegation in Paragraphs 1-22.

24.     This is an action for negligence due to CARNIVAL's negligent failure to provide a reasonably safe ship. CARNIVAL owes a duty of reasonable care under the circumstances. The circumstances are as follows.

25.     The ship's duty is created by the maritime law and by the voluntary undertakings of Carnival.  Carnival voluntarily undertook to provide a controlled environment which was safe for teens and where Carnival personnel would supervise teens in its teen program.  Carnival made this voluntary undertaking by the fact that (a) Carnival made representations about the family nature, safety and/or security of the cruises and marketed to families;  (b) Carnival provides a teen only program onboard its ships; and (c) Carnival required that the teen passenger and her adult parent or guardian sign into the teen club program, and thus represented that this was a controlled environment for the teen.

26.     CARNIVAL, at all relevant times, as well as other major cruise lines have been required to keep records of all complaints about certain crimes which include sexual assault and rape.  Cruise lines, such as CARNIVAL, must report complaints of sexual assault and rape to the FBI and the Department of Transportation.  *See* 46 U.S.C. §3507(g)(1)(A); 46 U.S.C. §3507(k)(1); 46 U.S.C. §3507(g)(3)(A)(i),(ii).  The Department of Transportation has a statutory duty to compile the reports and publish quarterly "statistical compilation[s]" about crimes, including

sexual assault and rape that occur on board cruise vessels.  46 U.S.C. §3507(g)(4).  These compilations are titled Cruise Line Incident Reports and maintained on the United States Department of Transportation website at https://www.transportation.gov/mission/safety/cruise-line-incident-reports.  According to the Department of Transportation sexual assault is the most common crime reported on cruise ships.  In 2018 cruise lines reported 120 crimes to the Department of Transportation, 82 of which involved sexual assaults.

27.     CARNIVAL documents and as a matter of law must report prior incidents involving rape, sexual assault, assault and other crimes which may include prior shipboard safety meetings; logs or databases of prior similar incidents; prior complaints made to guest services throughout its fleet; prior investigative reports as well as through other documentation. CARNIVAL trains its crew members about occurrences and procedures regarding rape, sexual assault, assault and other crimes.  Because CARNIVAL knows that the most commonly reported crime on cruise ships is sexual assault, documents prior incidents and trains its crew members about occurrences and procedures regarding rape, sexual assault, assault and other crimes. CARNIVAL knew or should have known to take reasonable measures to make its ship safe and secure for its passengers, including the plaintiffs.

28.     **DUTUES OWED BY CARNIVAL**: CARNIVAL owes a "duty to exercise reasonable care for the safety of its passengers" including the Plaintiff herein. *See Hall v. Royal Caribbean Cruises, Limited* 2004 A.M.C. 1913, 2004 WL 1621209, 29 FLWD 1672, Case No. 3d03-2132 (Fla. 3d DCA Opinion filed July 21, 2004). The Defendant also owes a "duty to exercise reasonable care under the circumstances**."** *See Harnesk v. Carnival Cruise Lines, Inc,* 1992 A.M.C. 1472, 1991 WL 329584 (S.D. Fla. 1991). The cruise line is directly negligent for negligently shipboard crewmembers.

29. **CARNIVAL BREACHED ITS DUTY**:  CARNIVAL breached its duty of care by failing to provide a reasonably safe and secure ship.  CARNIVAL breached its duty of care by failing to provide in its warnings of the high risk of crime and injury to passengers, failing to reasonably safe and secure ship, failing to properly retain, hire, train, monitor and provide reasonable procedures for its staff and failing to reasonably represent the quality of its ships' safety and security.

30. **PROXIMATE CAUSE**: CARNIVAL's negligent failure to provide a reasonably safe ship proximately caused the Plaintiffs' injuries.  Had CARNIVAL properly warned the Plaintiffs of the dangerous condition; provided a reasonably safe and secure ship; reasonably retained, hired, trained, monitored and/or provided reasonable procedures for its staff and reasonably represented the quality of its ships' safety and security, the Plaintiffs would never have taken the subject cruise; signed in and left B.R. under Carnival's supervision and/or walked alone without guardian supervision on CARNIVAL's cruise ship.  The Plaintiff, B.R., therefore would never have been raped, sexually assaulted and/or assaulted.

31. **DAMAGES**: CARNIVAL's negligence proximately caused permanent injuries and damages to the Plaintiffs in the past and in the future. Those injuries and damages include but are not limited to economic damages including medical, psychological, and other related expenses in the past and in the future; household and other related expenses in the past and in the future; and past lost wages and compensation and loss of income earning capacity for the future.  Those injuries and damages also include but are not limited to non-economic damages including pain, suffering, disability, physical impairment, scarring, disfigurement, mental anguish, inconvenience, and loss of capacity for the enjoyment of life.  The losses are either permanent or continuing.  The Plaintiffs have suffered these losses in the past and will continue to suffer them in the future.

WHEREFORE, the Plaintiffs demand Judgment against the Defendant for damages recoverable under the general maritime law and state law including but not limited to economic damages including medical, psychological, and other related expenses in the past and in the future; lost income in the past and lost income and earning capacity in the future; non-economic damages in the past and in the future including pain, suffering, disability, physical impairment, scarring, disfigurement, mental anguish, inconvenience, and loss of capacity for the enjoyment of life; all court costs, all interest due under the applicable law including interest from the date of the subject incident under General Maritime Law, and any and all other damages which the Court deems just or appropriate.

## COUNT II
## NEGLIGENT FAILURE TO WARN

32. The Plaintiffs hereby adopt and re-allege each and every allegation in Paragraphs 1- 22, above.

33. This is an action for negligence of CARNIVAL's failing to warn passengers, including the Plaintiffs, of known dangers beyond the point of debarkation in places where passengers are invited or reasonably expected to visit.  CARNIVAL anticipated and foresaw that crimes would be perpetrated on passengers aboard its vessels.  CARNIVAL knew or should have known of the high risk to its passengers of crime and injury aboard the vessels.

34. **DUTIES OWED BY CARNIVAL**: CARNIVAL owes a "duty to exercise reasonable care for the safety of its passengers," including the Plaintiff herein. *See Hall v. Royal Caribbean Cruises, Limited*, 2004 WL 1621209 (Fla. 3d DCA 2004). The Defendant also owes a "duty to exercise reasonable care under the circumstances." *See Harnesk v. Carnival Cruise Lines, Inc.*, 1991 WL 329584 (S.D. Fla. 1991). Additionally, the Defendant's "duty is to warn of dangers known to the carrier in places where the passenger is invited to or may reasonably be expected to

visit." *See Vierling v. Celebrity Cruises, Inc.,* 339 F.3d 1309 (11th Cir. 2003) ("Courts sitting in admiralty have long recognized an obligation on the part of a carrier to furnish its passengers with a reasonably safe means of boarding and leaving the vessel, that this obligation is non-delegable, and that even the slightest negligence renders a carrier liable."); *Carlisle v. Ulysses Line Limited*, 475 So.2d 248 (Fla. 3d DCA 1985).

35.     The circumstances are as follows. The ship's duty is created by the maritime law and by the voluntary undertakings of Carnival. Carnival voluntarily undertook to provide a controlled environment which was safe for teens and where Carnival personnel would supervise teens in its teen program. Carnival made this voluntary undertaking by the fact that (a) Carnival made representations about the family nature, safety and/or security of the cruises and marketed to families; (b) Carnival provides a teen only program onboard its ships; and (c) Carnival required that the teen passenger and her adult parent or guardian sign into the teen club program, and thus represented that this was a controlled environment for the teen.

36.     CARNIVAL, at all relevant times, as well as other major cruise lines have been required to keep records of all complaints about certain crimes which include sexual assault and rape. Cruise lines, such as CARNIVAL, must report complaints of sexual assault and rape to the FBI and the Department of Transportation. *See* 46 U.S.C. §3507(g)(1)(A); 46 U.S.C. §3507(k)(1); 46 U.S.C. §3507(g)(3)(A)(i),(ii). The Department of Transportation has a statutory duty to compile the reports and publish quarterly "statistical compilation[s]" about crimes, including sexual assault and rape that occur on board cruise vessels. 46 U.S.C. §3507(g)(4). These compilations are titled Cruise Line Incident Reports and maintained on the United States Department of Transportation website at https://www.transportation.gov/mission/safety/cruise-line-incident-reports. According to the Department of Transportation sexual assault is the most

common crime reported on cruise ships.  In 2018 cruise lines reported 120 crimes to the Department of Transportation, 82 of which involved sexual assaults.

37.    CARNIVAL documents and as a matter of law must report prior incidents involving rape, sexual assault, assault and other crimes which may include prior shipboard safety meetings; logs or databases of prior similar incidents; prior complaints made to guest services throughout its fleet; prior investigative reports as well as through other documentation. CARNIVAL trains its crew members about occurrences and procedures regarding rape, sexual assault, assault and other crimes.  Because CARNIVAL knows that the most commonly reported crime on cruise ships is sexual assault, documents prior incidents and trains its crew members about occurrences and procedures regarding rape, sexual assault, assault and other crimes, CARNIVAL knew or should have known to warn its passengers, including the plaintiff, about the high risk to its passengers of crime and injury aboard the vessels.

38.    **<u>CARNIVAL'S BREACHED ITS DUTY</u>**: CARNIVAL breached its duty to warn the Plaintiffs of dangerous condition and breached its duties to the Plaintiffs by its actions and conduct.  CARNIVAL through its crew members failed to warn its passengers, including the Plaintiffs, about the high risk to passengers of crime and injury aboard CARNIVAL's vessels. CARNIVAL failed to distribute any written materials and/or memos; provide warnings on its website; make audible announcements; play video warning messages or other types of warnings to its passengers that they are at high risk of crime and injury aboard CARNIVAL's vessels. CARNIVAL also failed to comply with applicable industry standards, statutes, and/or regulations which invokes the Pennsylvania Rule and shifts the burden of proof to the Defendant in the proof of negligence or proof of the absence of negligence. CARNIVAL's violation of applicable and mandatory safety regulations and standards constitutes negligence *per se*.

39.   **PROXIMATE CAUSE**: CARNIVAL's failure to properly warn the Plaintiffs of the high risk of crime and personal injury including rape, sexual assault and/or assault proximately caused the Plaintiffs' injuries.  Had CARNIVAL properly warned the Plaintiffs of the dangerous condition, the Plaintiffs would never have taken the subject cruise; signed in and left B.R. under Carnival's supervision and/or walked alone without guardian supervision on CARNIVAL's cruise ship.  The Plaintiff, B.R., therefore would never have been raped, sexually assaulted and/or assaulted.

40.   **DAMAGES**: CARNIVAL's negligence proximately caused permanent injuries and damages to the Plaintiffs in the past and in the future. Those injuries and damages include but are not limited to economic damages including medical, psychological, and other related expenses in the past and in the future; household and other related expenses in the past and in the future; and past lost wages and compensation and loss of income earning capacity for the future.  Those injuries and damages also include but are not limited to non-economic damages including pain, suffering, disability, physical impairment, scarring, disfigurement, mental anguish, inconvenience, and loss of capacity for the enjoyment of life.  The losses are either permanent or continuing.  The Plaintiffs have suffered these losses in the past and will continue to suffer them in the future.

WHEREFORE, the Plaintiffs demand Judgment against the Defendant for damages recoverable under the general maritime law and state law including but not limited to economic damages including medical, psychological, and other related expenses in the past and in the future; lost income in the past and lost income and earning capacity in the future; non-economic damages in the past and in the future including pain, suffering, disability, physical impairment, scarring, disfigurement, mental anguish, inconvenience, and loss of capacity for the enjoyment of life; all court costs, all interest due under the applicable law including interest from the date of the subject incident

under General Maritime Law, and any and all other damages which the Court deems just or appropriate.

## COUNT III
## NEGLIGENT MISREPRESENTATION

41.     The Plaintiffs hereby adopt and re-allege each and every allegation in Paragraphs 1-22 above.

42.     The Defendant negligently misrepresented that it would provide a safe cruise ship to its passengers including the Plaintiff.  The Defendant cruise line's misrepresentations include the following:

43.     CARNIVAL represents that "Carnival provides a safe and enjoyable vacation experience to nearly 4 million passengers a year and can assure you that the safety of our guests and crew is our number one priority"  A copy of the page from that website is attached hereto as **EXHIBIT A**, https://help.carnival.com/app/answers/detail/a_id/1185/kw/safe%20families.

44.     CARNIVAL's website represents that "[t]here is nothing more important to us than the safety of our guests.  Comprehensive, fleet-wide security practices have been in place for many years, which include the reporting of alleged crimes to the FBI."  Carnival advertises that  it reports "alleged crimes" to the FBI and that the statistics cited on the U.S. Coast Guard's website "may have been reported without sufficient evidence" and assures prospective passengers that "Carnival cruise remains one of the safest vacation options available" because the "likelihood of having an incident occur on board one of [Carnival's] ships is therefore remote". A copy of the page from Carnival's website is attached hereto as **Exhibit B**, https://www.carnival.com/about-carnival/legal-notice.aspx?icid=CC_Footer_83.

45.     CARNIVAL provides an online Security Guide and Global Directory for its passengers.  Carnival's guide represents that Carnival "has zero tolerance for crime on board its

vessels" and is "required by federal law to report on board felonies and missing U.S. nationals to federal agencies" including sexual assaults. *See* Carnival Cruise Line Security Services Security Guide and Global Directory attached hereto as **Exhibit C**, https://www.carnival.com/legal/~/media/CCLUS/Images/pdf/securityalertpdf.ashx. CARNIVAL provides crime response information of highly regarded and respected federal agencies and a sexual assault hotline to lure prospective passengers and passengers into believing CARNIVAL provides safe and secure ships. Unbeknownst to prospective passengers and passengers, Carnival does not provide any information as to how passengers may make calls to the FBI, USCG and/or sexual assault hotline while at sea or while outside U.S. cellular networks. Instead, Carnival directs passengers that they "should immediately dial 911 or the Guest Services Desk" so Carnival's own personnel "can secure necessary information". *See* **Exhibit C**.

46.     CARNIVAL also makes representations online and in other materials sent to and/or directed at families purchasing cruises about teen friendly and family friendly cruise ships. On its website, the cruise line describes its "Teen hangout Spot" and invites parents to rely on the cruise line to provide a safe environment for children, including teen children that are 12 to 14-years old. CARNIVAL's website also advertises that if people, including the Plaintiffs book a cruise with Carnival, including the Carnival *Dream*:

> you are guaranteed a fun, magical, memorable and exciting cruise that the whole family will enjoy. Because Carnival Dream isn't your ordinary cruise ship-it's packed from bow to stern and port to starboard with family fun activities everyone can participate in, kids and youth programs from young ones and teens, delicious cruise dining options, and much more!

*See*     https://www.carnival.com/awaywego/cruising-fun/what-to-expect/carnival-dream-kids-activities-and-family-fun. CARNIVAL also states on its website, "[o]n Carnival Dream, we know how important it is for everyone in the family to have a great time. And we've made sure that

the great time never ends, and the memories last a lifetime!" *See* https://www.carnival.com/awaywego/cruising-fun/what-to-expect/carnival-dream-kids-activities-and-family-fun.

47.     Carnival's representations which included the family nature, safety and/or security of the cruises and marketed to families sign in/sign out requirement gave parents and/or guardians of teens the impression that Carnival's teen centers were a controlled environment that is safe and secure for them to leave their children.   Carnival knew or should have known that without supervision teenagers can be vulnerable and preyed upon by adult passengers and/or crew members.

48.     The Defendant cruise line made these representations with that intent that its passengers, including the Plaintiffs herein, rely upon them in deciding whether to purchase tickets to go onboard its cruise ships.

49.     The representations made by the cruise line were false and misleading.   First, the subject cruise ship did <u>not</u> provide a safe, secure and/or controlled environment on its ship for its passengers particularly for young teens.   Further, the cruise line through its omission of materials facts about the high risk of crime and injury including but not limited to rape, sexual assault and assault, and its unwillingness and its failure to properly retain, hire, train, monitor, and provide reasonable procedures for its staff as misrepresented the quality of its ships safety and security thereon.

50.     The Plaintiffs relied on Carnival's representation that it provided a safe and secure ship when the Plaintiffs decided to take the subject cruise.   The Plaintiffs would not have selected have decided to go on the cruise if it had not been for the representations made by CARNIVAL with respect to the safety and security of its ships.

51.     This reliance was to the detriment of the Plaintiffs because the Defendant cruise line failed to provide a safe and secure ship, and failed to provide in its warnings and sufficient information about the fact that it failed to provide a reasonably safe and secure ship, failed to properly retain, hire, train, monitor and provide reasonable procedures for its staff and misrepresented the quality of its ships safety and security thereon.

52.     The Defendant cruise line's misrepresentation included failure to disclose to the public and the Plaintiffs herein the fact that under the cruise line's lack of resources and under manning safety and security of passengers, failure to disclose its knowledge of the high risk of crime and injury to passengers on cruise ships, the cruise line's failure to provide a reasonably safe and secure ship as represented on its website, failure to properly retain, hire, train, monitor and provide reasonable procedures as represented on CARNIVAL's website. CARNIVAL also misrepresentations failed to comply with applicable industry standards, statutes, and/or regulations which invokes the Pennsylvania Rule and shifts the burden of proof to the Defendant in the proof of negligence or proof of the absence of negligence. CARNIVAL's violation of applicable and mandatory safety regulations and standards constitutes negligence *per se*

53.     **CARNIVAL BREACHED ITS DUTY**: CARNIVAL breached its duty to reasonably represent to the Plaintiffs the dangerous condition onboard CARNIVAL's ship and breached its duties to the Plaintiffs by its actions and conduct.  CARNIVAL negligently misrepresented that it would provide a safe and secure cruise ship to its passengers including the Plaintiffs.  The Plaintiffs relied on CARNIVAL's misrepresentations to their detriment.

54.     **PROXIMATE CAUSE**: CARNIVAL's failure to reasonably represent to the Plaintiffs the high risk of crime and personal injury including rape, sexual assault and/or assault proximately caused the Plaintiffs' injuries.  Had CARNIVAL reasonably represented to the

Plaintiffs of the dangerous condition and/or reasonably represented the quality of its ships' safety and security, the Plaintiffs would never have taken the subject cruise; signed in and left B.R. under Carnival's supervision and/or walked alone without guardian supervision on CARNIVAL's cruise ship.  The Plaintiff, B.R., therefore would never have been raped, sexually assaulted and/or assaulted.

55.  **DAMAGES**: CARNIVAL's negligence proximately caused permanent injuries and damages to the Plaintiffs in the past and in the future. Those injuries and damages include but are not limited to economic damages including medical, psychological, and other related expenses in the past and in the future; household and other related expenses in the past and in the future; and past lost wages and compensation and loss of income earning capacity for the future.  Those injuries and damages also include but are not limited to non-economic damages including pain, suffering, disability, physical impairment, scarring, disfigurement, mental anguish, inconvenience, and loss of capacity for the enjoyment of life.  The losses are either permanent or continuing.  The Plaintiffs have suffered these losses in the past and will continue to suffer them in the future.

WHEREFORE, the Plaintiffs demand Judgment against the Defendant for damages recoverable under the general maritime law and state law including but not limited to economic damages including medical, psychological, and other related expenses in the past and in the future; lost income in the past and lost income and earning capacity in the future; non-economic damages in the past and in the future including pain, suffering, disability, physical impairment, scarring, disfigurement, mental anguish, inconvenience, and loss of capacity for the enjoyment of life; all court costs, all interest due under the applicable law including interest from the date of the subject incident under General Maritime Law, and any and all other damages which the Court deems just or appropriate.

## COUNT IV
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

56.     The Plaintiffs hereby adopt and reallege each and every allegation in paragraphs 1 through 22, above.

57.     This is an action for CARNIVAL's negligent infliction of emotional destress.  The Defendant Carnival owes to its passengers a duty of reasonable care under the circumstances.  The circumstances of this incident and the facts which define the parameters of reasonable care under the circumstances includes the representations made by Carnival that the cruises are safe, secure and family friendly, the fact that Carnival voluntarily chose to provide a program and a place on the ship specifically for teens, and the fact that Carnival chose to require that parents or guardians of teens arriving at the teen program sign in the teens and thus conveying to the parents or guardians that the teen was in a controlled environment until the parent or guardian returns.

58.     The ship's duty is created by the maritime law and by the voluntary undertakings of Carnival.  Carnival voluntarily undertook to provide a controlled environment which was safe for teens and where Carnival personnel would supervise teens in its teen program.  Carnival made this voluntary undertaking by the fact that (a) Carnival made representations about the family nature, safety and/or security of the cruises and marketed to families;  (b) Carnival provides a teen only program onboard its ships; and (c) Carnival required that the teen passenger and her adult parent or guardian sign into the teen club program, and thus represented that this was a controlled environment for the teen.

59.     CARNIVAL, at all relevant times, as well as other major cruise lines have been required to keep records of all complaints about certain crimes which include sexual assault and rape.  Cruise lines, such as CARNIVAL, must report complaints of sexual assault and rape to the FBI and the Department of Transportation.  *See* 46 U.S.C. §3507(g)(1)(A); 46 U.S.C. §3507(k)(1);

46 U.S.C. §3507(g)(3)(A)(i),(ii).   The Department of Transportation has a statutory duty to compile the reports and publish quarterly "statistical compilation[s]" about crimes, including sexual assault and rape that occur on board cruise vessels.   46 U.S.C. §3507(g)(4).   These compilations are titled Cruise Line Incident Reports and maintained on the United States Department of Transportation website at https://www.transportation.gov/mission/safety/cruise-line-incident-reports.   According to the Department of Transportation sexual assault is the most common crime reported on cruise ships.   In 2018 cruise lines reported 120 crimes to the Department of Transportation, 82 of which involved sexual assaults.

60.   CARNIVAL documents and as a matter of law must report prior incidents involving rape, sexual assault, assault and other crimes which may include prior shipboard safety meetings; logs or databases of prior similar incidents; prior complaints made to guest services throughout its fleet; prior investigative reports as well as through other documentation. CARNIVAL trains its crew members about occurrences and procedures regarding rape, sexual assault, assault and other crimes.   Because CARNIVAL knows that the most commonly reported crime on cruise ships is sexual assault, documents prior incidents and trains its crew members about occurrences and procedures regarding rape, sexual assault, assault and other crimes. CARNIVAL knew or should have known to take reasonable measures to make its ship safe and secure for its passengers, including the plaintiffs.

61.   Carnival has known for more than a decade "that sexual assaults on cruise ships [are] a serious problem".   *K.T. v. Royal Caribbean Cruises, Ltd.*, No. 17-14237, D.C. Docket 1:16-cv-25157-KMM (July 24, 2019).   The Defendant knew, or in the exercise of reasonable care should have known, that on board the cruise ships there have been numerous sexual assaults, sexual batteries, rapes, and attacks perpetrated by passengers.   Carnival does not provide law enforcement to protect,

monitor and/or prevent crime on board its ships.  Carnival knows minors should not be left unattended on its ships because Carnival knows that sexual assaults, sexual batteries, rapes and attacks perpetrated by passengers on other passengers, including minors is an ongoing and repetitive problem.

62.     CARNIVAL anticipated and foresaw that crimes such as rape, sexual assault and battery would be perpetrated by passengers on passengers, particularly unattended minor passengers aboard its vessels.  CARNIVAL knew or should have known of the high risk to its passengers, particularly its minor passengers, of crime and injury aboard CARNIVAL vessels is enhanced by minors are left unattended.

63.     Carnival planned and organized a teen center for passengers to sign in their minor teenagers for special activities planned and prepared by Carnival for teenaged passengers. Carnival chose to supervise B.R. after her father, John, Doe, signed B.R. into Carnival's teen center.  Carnival through its employees chose to release B.R. from its teen center without waiting, calling B.R.'s father on his cell phone or on the P.A. and/or waiting for B.R.'s father to pick up B.R. from Carnival's teen center.  B.R. went to look for her father and was approached by a male Carnival passenger who was approximately 25 years old.  Carnival's passenger told B.R. he knew where to find ping pong balls to play a game of ping pong.  B.R. followed the Carnival passenger to a room where he raped B.R. The Defendant cruise line through the actions and conduct of its passenger employee or agent, actual or apparent is vicariously for the negligent infliction of emotional distress. The employee or agent, actual or apparent, of the Defendant cruise line negligently inflicted emotional distress upon the Plaintiff by its actions which caused and/or contributed to the rape of B.R. by a Carnival passenger.

64.     **DUTUES OWED BY CARNIVAL**: CARNIVAL owes a "duty to exercise reasonable care for the safety of its passengers" including the Plaintiff herein. *See Hall v. Royal*

*Caribbean Cruises, Limited* 2004 A.M.C. 1913, 2004 WL 1621209, 29 FLWD 1672, Case No. 3d03-2132 (Fla. 3d DCA Opinion filed July 21, 2004). The Defendant also owes a "duty to exercise reasonable care under the circumstances**.**" *See Harnesk v. Carnival Cruise Lines, Inc,* 1992 A.M.C. 1472, 1991 WL 329584 (S.D. Fla. 1991). The cruise line is directly negligent for negligently shipboard crewmembers.

65. **CARNIVAL BREACHED ITS DUTY**:  CARNIVAL breached its duty of care by its negligence and placed Plaintiff B.R. in the zone of danger, the immediate risk of physical harm and/or sustained physical impact. B.R.'s fear of serious physical harm, serious illness or disease and of experiencing mental, emotional and/or physical harm was genuine and well founded, and B.R. suffered mental or emotional harm (such as fright and anxiety) that was caused by the negligence of Carnival. This fright and anxiety have further manifested itself as multiple physical symptoms experienced by the B.R., including but not limited to insomnia, depression, post-traumatic stress disorder, rapid heartbeat, and physical exhaustion.  CARNIVAL breached its duty of care by failing to provide in its warnings of the high risk of crime and injury to passengers, failing to reasonably safe and secure ship, failing to properly retain, hire, train, monitor and provide reasonable procedures for its staff and failing to reasonably represent the quality of its ships' safety and security.

66. **PROXIMATE CAUSE**: CARNIVAL's negligent failure to provide a reasonably safe ship proximately caused the Plaintiffs' injuries.  Had CARNIVAL properly warned the Plaintiffs of the dangerous condition; provided a reasonably safe and secure ship; reasonably retained, hired, trained, monitored and/or provided reasonable procedures for its staff and reasonably represented the quality of its ships' safety and security, the Plaintiffs would never have taken the subject cruise; signed in and left B.R. under Carnival's supervision and/or walked alone

without guardian supervision on CARNIVAL's cruise ship.  The Plaintiff, B.R., therefore would never have been raped, sexually assaulted and/or assaulted.

67.  **DAMAGES**: CARNIVAL's negligence proximately caused permanent injuries and damages to the Plaintiffs in the past and in the future. Those injuries and damages include but are not limited to economic damages including medical, psychological, and other related expenses in the past and in the future; household and other related expenses in the past and in the future; and past lost wages and compensation and loss of income earning capacity for the future.  Those injuries and damages also include but are not limited to non-economic damages including pain, suffering, disability, physical impairment, scarring, disfigurement, mental anguish, inconvenience, and loss of capacity for the enjoyment of life.  The losses are either permanent or continuing.  The Plaintiffs have suffered these losses in the past and will continue to suffer them in the future.

WHEREFORE, the Plaintiffs demand Judgment against the Defendant for damages recoverable under the general maritime law and state law including but not limited to economic damages including medical, psychological, and other related expenses in the past and in the future; lost income in the past and lost income and earning capacity in the future; non-economic damages in the past and in the future including pain, suffering, disability, physical impairment, scarring, disfigurement, mental anguish, inconvenience, and loss of capacity for the enjoyment of life; all court costs, all interest due under the applicable law including interest from the date of the subject incident under General Maritime Law, and any and all other damages which the Court deems just or appropriate.

By: *s/ John H.Hickey*
      **JOHN H. HICKEY (FBN 305081)**
      hickey@hickeylawfirm.com
      **HICKEY LAW FIRM, P.A.**

1401 Brickell Avenue, Ste. 510
Miami, Florida 33131-3504
Telephone: (305) 371-8000
Facsimile: (305) 371-3542
*Attorney for the Plaintiff*